# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Proceeding |
| | ) | |
| **CORNHUSKER RBM, LLC,** | ) | Case No. 13-26443 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 6, 2023, at 10:30 a.m., we shall appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, either in courtroom 682 of the United States Bankruptcy Court at 219 South Dearborn, Chicago, Illinois, or electronically as described below, and present the Motion to Reconsider the Court's Ruling on Raymond McGaugh's Motion for Leave to Conduct a 2004 Examination and for Documents, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government (audio only).**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is 160 9362 1728. The meeting ID can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

**RAYMOND MCGAUGH**

By:   /s/ Gregory J. Jordan
         One of His Attorneys

Gregory J. Jordan (ARDC# 6205510)
Mark R. Zito (ARDC# 6276231)
Jordan & Zito LLC
350 N. LaSalle Drive., Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com
mzito@jz-llc.com

## CERTIFICATE OF SERVICE

I, Gregory J. Jordan, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on November 30, 2023 at 5:00 p.m.

    /s/ Gregory J. Jordan

## SERVICE LIST

Via Court's Electronic Notice for Registrants

Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

Adam G. Brief on behalf of U.S. Trustee Patrick S Layng Adam.Brief@usdoj.gov

Joji Takada trustee@takadallc.com, IL74@ecfcbis.com

Joji Takada on behalf of Accountant Alan D Lasko trustee@takadallc.com, IL74@ecfcbis.com

Zane L Zielinski on behalf of Other Prof. The Health Law Consultancy LLC trustee@zanezielinski.com, fax@zanezielinski.com

Daniel P. Dawson on behalf of Plaintiff Joji Takada, not individually but as Chapter 7 Trustee of the jointly administered bankruptcy estates of Cornhusker RBM, LLC, et al. ddawson@nisen.com, adrag@nisen.com

Joseph Ptasinski on behalf of Plaintiff Joji Takada, not individually, but as Chapter 7 Trustee of the bankruptcy estate of Advanced Ancillary Services, LLC jptasinski@nisen.com

Ronald Barliant on behalf of Defendant Elan Financial Services d/b/a Cardmember Service ronald.barliant@goldbergkohn.com, kristina.bunker@goldbergkohn.com

Jeremy M Barr on behalf of Creditor Local 731, I.B. of T. Excavator Welfare Fund efile@laboradvocates.com, jbarr@laboradvocates.com

Elizabeth A. Bates on behalf of Creditor MRI Consulting, Inc. ebates@springerbrown.com, iprice@springerbrown.com

Paul M Bauch on behalf of Debtor 1 Advanced Ancillary Services, LLC pbauch@bmlawllc.com, smohan@bmlawllc.com; 5242@notices.nextchapterbk.com

Jessica A. Brady on behalf of Creditor Pipe Fitters' Welfare Fund, Local 597
jessica@johnsonkrol.com, docket@johnsonkrol.com

John J Conway on behalf of Creditor Edgebrook Radiology Management Services, Inc.
johnconway@shlawfirm.com

Joshua D. Greene on behalf of Creditor MRI Consulting, Inc. jgreene@springerbrown.com, aoloughlin@springerbrown.com

Matthew Henzi on behalf of Creditor National Labor Alliance of Health Care Coalitions
mhenzi@swappc.com John F Hiltz on behalf of Creditor St. Francis Medical Center
jhiltz@hzhlaw.com, info@hzhlaw.com;9719@notices.nextchapterbk.com

Harold D. Israel on behalf of Attorney Official Committee of Unsecured Creditors
hisrael@lplegal.com, nbailey@lplegal.com; ikropiewnicka@lplegal.com; kpatton@lplegal.com; druiz@lplegal.com

Vivek Jayaram on behalf of Other Prof. Wolverine Capital Partners LLC
vivek@jayaramlaw.com, brett@jayaramlaw.com

John J Kakacek on behalf of Creditor Chicago Northside MRI Center
jkakacek@stamostrucco.com, mlemons@stamostrucco.com

David L Kane on behalf of Attorney Meltzer, Purtill & Stelle LLC dkane@vedderprice.com, ecfdocket@vedderprice.com;david-kane-4088@ecf.pacerpro.com

Jeffrey A Krol on behalf of Creditor Heat & Frost Insulators Local 17 Welfare Fund
krol@johnsonkrol.com; docket@johnsonkrol.com; issa@johnsonkrol.com; kratochvil@johnsonkrol.com

Patrick D. Lamb on behalf of Creditor Health Medical Imaging LLC
plamb@plunkettcooney.com, docket@plunkettcooney.com

Richard G Larsen on behalf of Creditor MRI Consulting, Inc. rlarsen@springerbrown.com, ekarch@springerbrown.com

Parker E Lawton on behalf of Creditor Richard Egwele plawton@srcattorneys.com

John P Leahy on behalf of Creditor Joshua Warah, M.D. SC johnleahy@cavanagh-ohara.com, amy@cavanagh-ohara.com

Donald B Leventhal on behalf of Creditor MedQuest Associates, Inc. don@dbleventhal.com

Steven A Levy on behalf of Defendant Elan Financial Services d/b/a Cardmember Service
steven.levy@goldbergkohn.com, bonnie.vorreyer@goldbergkohn.com

Joseph E Mallon on behalf of Creditor Pipe Fitters' Welfare Fund, Local 597
mallon@johnsonkrol.com, docket@johnsonkrol.com;foderaro@johnsonkrol.com

Frank Marco on behalf of Creditor Plumbers' Local Union No. 93 Health & Welfare Fund
fmarco@gregoriolaw.com, sbain@gregoriolaw.com

Matthew E. McClintock on behalf of Attorney Official Committee Of Unsecured Creditors mattm@goldmclaw.com, teresag@restructuringshop.com; harleyg@restructuringshop.com

Kenneth A. Michaels, Jr on behalf of Debtor 1 Advanced Ancillary Services, LLC kmichaels@bmlawllc.com, smohan@bmlawllc.com; ecf@lakelaw.com; 5552@notices.nextchapterbk.com

Christopher L Muniz on behalf of Creditor Chicago Regional Council of Carpenters Welfare Fund munizchr@gmail.com

Richard F Nash on behalf of Creditor St. Francis Hospital rnash@boylebrasher.com, slindauer@boylebrasher.com

 Francis J. Pendergast, III on behalf of Creditor Health Medical Imaging LLC fpendergast@crowleylamb.com, mfarhoud@crowleylamb.com; docket@crowleylamb.com

Nathaniel J. Pomrenze on behalf of Creditor MedQuest Associates, Inc. njp@njpltdlaw.com

Michele M. Reynolds on behalf of Creditor Local 731, I.B. of T. Excavator Welfare Fund efile@dbb-law.com, mreynolds@dbb-law.com

Carolina Y. Sales on behalf of Debtor 1 Advanced Ancillary Services, LLC csales@bmlawllc.com, smohan@bmlawllc.com; 5241@notices.nextchapterbk.com

Bruce C Scalambrino on behalf of Creditor Chicago Regional Council of Carpenters Welfare Fund bcs@sacounsel.com

Karl H Schook on behalf of Interested Party AmTrust International Underwriters Limited karl.schook@rsg-law.com

Isaac Schreibman on behalf of Creditor High Technology, Inc ike@ikeschreibmanlaw.com

Terry D Slaw on behalf of Defendant Libertyville Imaging Assc. tds_60062@hotmail.com

John Sturgeon on behalf of Defendant Libertyville Imaging Assc. john.sturgeon@valpo.edu

Steven Plato Troy on behalf of Creditor Midwest Center for Advanced Imaging C/O Steven Plato Troy its Attorney stevtr8@aol.com

**VIA FIRST CLASS MAIL**

Cornhusker RBM, LLC
19065 Hickory Creek Dr., Suite 240
Mokena, IL 60448

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Proceeding |
| | ) | |
| CORNHUSKER RBM, LLC, | ) | Case No. 13-26443 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |

**MOTION TO RECONSIDER THE COURT'S RULING ON
RAYMOND MCGAUGH'S MOTION FOR LEAVE TO
CONDUCT A 2004 EXAMINATION AND FOR DOCUMENTS**

Raymond McGaugh, a creditor listed on one or more of the debtors' schedules and a party in interest, moves this Court under Rule 9023 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-9 to alter of amend its November 20, 2023 order denying Raymond's motion for leave to conduct the 2004 examination of Alan Lasko, the accountant for the Chapter 7 Estate of Cornhusker RBM, LLC, the firm of Alan D. Lasko & Associates P.C. (Alan Lasko and the firm of Alan D. Lasko & Associates P.C. are individually and collectively "Lasko"), and any other person identified by Lasko or in documents produced in response to the subpoena as having knowledge of the decision and decision-making process through which the estate issued the IRS Form K-1 to Raymond, including examination and production of documents. In support, Raymond states:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein under 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. Consideration of the Motion is a core proceeding under 28 U.S.C 157(b)(2).

2. The statutory and other bases for the relief sought in this Motion are §§ 105(a) and §704(a)(7) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2004 and 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BASIS FOR THIS MOTION**

3. The motion to vacate was brought pursuant to Bankruptcy Rules 9023 and 9024, which incorporate Civil Rules 59 and 60, respectively. Like Civil Rule 59, Bankruptcy Rule 9023 allows a court to alter or amend a judgment if the movant presents newly discovered evidence or points to evidence that clearly establishes a manifest error of law or fact. *In re Littman*, 551 B.R. 355, 360 (N.D. Ill. 2015). While Raymond recognizes that he bears a heavy burden, he respectfully submits that the events here show that the Court committed a manifest error of law or fact by not granting any relief. *See Bedford v. DeWitt*, No. 19 C 00001, 2023 WL 6312107, at *2 (N.D. Ill. Sept. 28, 2023).

4. While the Court may believe Raymond presented an overly broad request, he submits that it is a manifest error to not allow him to conduct even a limited examination. Specifically, Raymond presented facts showing that issues exist concerning whether he held a membership interest in any entity related to Cornhusker RBM or that company itself. He derived that evidence from a pleading filed in the Circuit Court of Cook County in which Reginald McGaugh, in an adversarial position to both Raymond and the Trustee, set forth facts showing Raymond did not hold any interest. *See* Defendants' Response to Plaintiffs' Motion for a Temporary Restraining Order and Further Relief Exhibit H to the Reply in Support of Motion for Leave to Conduct a 2004 Examination and for Documents.

5. In the Defendants' Response to Plaintiff's Motion for a Temporary Restraining Order (Exhibit H), Reginald McGaugh stated Raymond did not hold a membership interest in Cornhusker

2

RBM. "Reginald McGaugh stated that he gifted 40% of the class C units to Richard Egwele and 40% of the class C units to Raymond was done on the condition that they would obtain senior level financing to pay off and extinguish the Class A and Class B series of unit holders. According to the Operating Agreement, only Class C unit holders can appoint additional members to the Board of Directors at the Board of Directors and shareholders meetings. Reginald McGaugh further stated that Raymond never paid any money for the 40% share and additionally failed to secure required senior financing under the purpose upon which the gift of the 40% of class C units was made. See Exhibit H to at ¶¶ 9-11. Since the Trustee participated in the lawsuit, it is reasonable to inquire whether Lasko considered that statement in determining whether to allocate income to Raymond.

6. While Raymond requested several documents, the Court may view the request as overly broad; however, over breadth should not be the basis for the complete denial of the 2004 request. At a minimum, Raymond should be able to view the forms 1065 filed each year. Those documents have importance since Raymond raised the issue of why the Trustee allocated income despite the language in the operating agreement on which Lasko relied. The Cornhusker RBM's Operating agreement formed three separate classes of ownership shares, Class A, Class B, and Class C. Both Operating Agreements presented to the Court stated that the income would go first to the Class A membership in satisfaction of the $2.25 million plus interest due them, second to the Class B membership in satisfaction of the $1.75 million plus interest due them with the remainder going to the Class C membership. Despite the operating agreements' terms, Lasko allocated all income to the Class C membership. Raymond seeks to inquire why Lasko allocated substantially greater sums to Raymond based on Lasko's view that Raymond held a membership interest.

7. While the Court may have viewed Raymond's initial requests as excessive, the Court should, at a minimum, craft limited relief by requiring the Trustee to produce (a) the documents

3

on which Lasko relied in making the membership determination, (b) the state and federal 1065 for each year Lasko prepared and Trustee filed them, which will show the determination of income on which Lasko based the calculation contained in the forms K-1 delivered to Raymond. Further, the Court should grant the motion to allow for Alan Lasko's examination or such other person at Lasko with knowledge of the preparation of the returns for questions limited to the items listed above. Raymond wants to understand how Lasko determined Raymond holds a membership interest, how he allocated income and why he made the calculation. If the Court wishes to place a time limitation on the examination, Raymond will agree that a two hour limitation on the examination is appropriate.

WHEREFORE, Raymond McGaugh respectfully requests that the Court enter an order under Rule 9023 of the Federal Rules of Bankruptcy Procedure: (a) authorizing him, under Bankruptcy Rule 2004, to issue the Subpoena for documents and testimony, consistent with the request outlined in this motion; and (b) granting other just relief.

Respectfully submitted,

**RAYMOND MCGAUGH**

By: /s/ Gregory J. Jordan
One of His Attorneys

Gregory J. Jordan (ARDC# 6205510)
Mark R. Zito (ARDC# 6276231)
Jordan & Zito LLC
350 N. LaSalle Street, Suite 1100
Chicago IL 60654
(312) 854-7181
gjordan@jz-llc.com
mzito@jz-llc.com

COUNSEL FOR RAYMOND MCGAUGH